**John Darby GLYNN, Appellant,**

v.

**Calvin AUGER, Warden, Iowa State Men's Reformatory, Appellee.**

No. 82–1087.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1982.

Decided May 25, 1982.

John Darby Glynn, pro se.

Thomas J. Miller, Atty. Gen. of Iowa, John G. Black, Sp. Asst. Atty. Gen., Jonathan Golden, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, STEPHENSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

John Darby Glynn appeals, pro se, the district court's dismissal of this action brought under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202.

Glynn has been incarcerated at the Iowa State Men's Reformatory (IMR) since November 15, 1978. At that time two cell buildings were used to house the general inmate population. Each cell building contained approximately 320 single occupancy cells which were approximately 45 square feet in area and were equipped with a bed, writing desk, storage shelf, television stand, sink and toilet. Each inmate was given an individual cell. In November 1979 another unit with 100 similarly equipped cells of approximately 120 square feet in area was opened. This remodeled housing unit was called the HUH building. All cells in this facility were at that time designated for single occupancy.

During the time in question, the reformatory maintained an incentive program through which inmates could, through good behavior, earn additional privileges. Glynn reached the highest level of that program on August 18, 1981. At that privilege level inmates were housed in single cells in the HUH building and received additional privileges. As a result of an increase in prison population officials began to double cell a portion of the HUH building. Glynn objected to this procedure. He was told that if he did not agree to the double celling in the HUH unit he would be placed in a lower level cell with reduced privileges. He was apparently also given a choice of being single celled in a smaller cell with no loss of privileges. Glynn contends that the double celling is an ex post facto increase in his punishment.

The district court held that there was no legislative or administrative action which would qualify this procedure as an ex post facto action. It also held that the action involved did not appear to be in the nature of a punishment.

The constitutional prohibition against ex post facto laws was designed "to secure substantial personal rights against arbitrary and oppressive legislative action, and not to obstruct mere alteration in conditions deemed necessary for the orderly infliction of humane punishment." *Malloy v. South Carolina*, 237 U.S. 180, 183, 35 S.Ct. 507, 508, 59 L.Ed. 905 (1915). The policy of double celling the HUH unit is not within the ambit of the ex post facto clause. Furthermore, the double celling of inmates in 120 square foot cells does not, by itself, appear to offend the eighth amendment bar against cruel and unusual punishment. *See Campbell v. Cauthron*, 623 F.2d 503, 507 (8th Cir. 1980).

Glynn also contends that the district court erred in dismissing the allegations of harassment. The court did so on the ground that the only named defendant was Warden Auger and that under *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), the doctrine of respondeat superior is not applicable to section 1983 actions. There is nothing in the allegations to indicate that Warden Auger engaged in or was aware of any harassment of Glynn.

The order of dismissal is affirmed.