Richard DYKE, Plaintiff-Appellant,

v.

Larry R. MEACHUM,
Defendant-Appellee.

No. 85–1725.

United States Court of Appeals,
Tenth Circuit.

Feb. 27, 1986.

Richard Dyke, pro se.

Before LOGAN, MOORE and ANDERSON, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal by a prisoner at the Lexington Correctional Center in Oklahoma, seeking review of a decision by the United States District Court for the Western District of Oklahoma dismissing his complaint under 42 U.S.C. § 1983 as legally frivolous.

Plaintiff sought an injunction against the director of the Oklahoma Department of Corrections to require him to reclassify plaintiff to minimum security status at Lexington. Plaintiff alleged that before the promulgation of a new classification system he would have been eligible for reclassification after serving ten percent of his sentence. Under the new system, however, plaintiff must serve twenty percent of his sentence before he is eligible for reclassification. Plaintiff argued that the new classification system violated the Ex Post Facto Clause of the Constitution.

To violate the Ex Post Facto Clause, the new classification system "must be a penal or criminal law, retrospective, and disadvantageous to the offender because it may impose greater punishment." *Paschal v. Wainwright*, 738 F.2d 1173, 1176 (11th Cir. 1984) (footnotes omitted) (citing *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

The change that defendant challenges relates to the internal administration of a prison. In a similar instance the Eighth Circuit found that a change in a prison regulation resulting in the double celling of prisoners was not an ex post facto law. *See Glynn v. Auger*, 678 F.2d 760, 761 (8th Cir.1982). The *Augur* court relied on the Supreme Court's decision in *Malloy v. South Carolina*, 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed. 905 (1915), in which the Court explained that the Ex Post Facto Clause was designed "to secure substantial personal rights against arbitrary and oppressive legislative action, and not to obstruct mere alteration in conditions deemed necessary for the orderly infliction of humane punishment." *Id.* at 183, 35 S.Ct. at 508. *Cf. DeVeau v. Braisted*, 363 U.S. 144, 160, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109 (1960) ("The question in each [ex post facto] case, where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation."). We conclude that in the absence of any showing of a punitive intent, the Ex Post Facto Clause does not bar a prison from changing the regulations governing their internal classification of prisoners. See 10th Cir.R. 17(b).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.