**Harold Dean TURMAN, Plaintiff,**

**v.**

**Roy ROMER, et al., Defendants.**

**Civ. A. No. 88–F–1274.**

United States District Court,
D. Colorado.

Jan. 22, 1990.

**1278**

Harold Dean Turman, Crowley, Colo., pro se.

Robert C. Ripple, Asst. Atty. Gen., Human Resources Section, Denver, Colo., for defendants.

## ORDER OF DISMISSAL WITH PREJUDICE

FINESILVER, Chief Judge.

THIS MATTER comes before the court on recommendation of United States Magistrate to dismiss. Plaintiff brings this class action pursuant to 42 U.S.C. § 1983 for alleged violations of civil rights. Plaintiff was allowed to amend his complaint and seeks declaratory and injunctive relief. Jurisdiction is based on 28 U.S.C. § 1331.

Plaintiff alleges that procedures used by the Colorado State Parole Board ("Parole Board") to revoke his parole violated the United States Constitution. Plaintiff was in state custody at the Diagnostic Unit in Canon City and was transferred to the Four Mile Modular Unit in that city, where he is currently incarcerated. Pursuant to Rule 605 of the Local Rules of Practice for the District of Colorado, this matter was referred to United States Magistrate Donald E. Abram. On August 21, 1989 an evidentiary hearing was held as to defendants' motion to dismiss and plaintiff's motion for summary judgment. On December 7, 1989 the Magistrate filed his recommendation that plaintiff's motion be denied and defendants' motion be granted. Plaintiff filed a rebuttal to the Magistrate's recommendation on December 19, 1989. For reasons stated below the recommendation of the Magistrate is adopted and this action is dismissed with prejudice.

## I. BACKGROUND

On January 10, 1984 plaintiff was released from state confinement on parole. On February 18, 1986 the State of Colorado issued a warrant for his arrest. Pursuant to that warrant plaintiff was arrested at his home in El Cajon, California on April 12, 1988. On April 28, 1988 plaintiff waived extradition. On May 10, 1988 he was transported to the Pueblo County Jail in the State of Colorado. On May 11, 1988 plaintiff was served with notice of parole violation. Plaintiff's requests for appointed counsel and setting of bail were denied. Plaintiff was notified of a June 2, 1988 parole revocation hearing. Plaintiff's requests for appointed counsel and setting of bail were again denied. Plaintiff appeared at the June 2, 1988 revocation hearing and parole was revoked.

Plaintiff alleges two counts. Count I alleges violation of the Eight Amendment, due process and equal protection for denial of bail. Count II alleges plaintiff was denied access to the law library in the Diagnostic Unit in Canon City and that the library facilities are inadequate. In support of Count I plaintiff alleges the following: he was denied bail after arrest and before hearing on revocation; denied counsel at the hearing on revocation; denied hearing on probable cause; Parole Board lacked jurisdiction because he was held for more than 30 days before the hearing; he did not receive written notice of the evidence relied upon to revoke parole; he was not notified of the Parole Board's decision within five days and was not notified in

writing within ten days; funds were confiscated upon remand to custody; he did not receive credit for time spent in custody before the hearing on revocation; four years were added to his sentence; and review of plaintiff's appeal of revocation was inadequate. In support of Count II plaintiff alleges he was denied access to the law library at the diagnostic Unit; that he cannot get copies of the case law he requests or that copies are delayed; and the library at Four Mile Modular Unit is inadequate.

## II. ANALYSIS

An action may not be dismissed for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6) unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 44–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *American Home Assurance Co. v. Cessna Aircraft Co.*, 551 F.2d 804, 808 (10th Cir. 1977). If the motion challenges a complaint prepared without benefit of legal counsel the complaint must be liberally construed. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir.1981). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Willner v. Budig*, 848 F.2d 1032, 1033–34 (10th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). The plain language of Rule 56(c) mandates the entry of summary judgment against the party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion, and resolve all doubts in favor of the existence of triable issues of fact.

### A. Denial of Bail

When plaintiff was sentenced in 1979, C.R.S. 17–2–103(4)(a) (1973) provided that a parole violator may be released on bail. Plaintiff argues that the subsequent elimination of that bail provision and denial of bail following his arrest violates the Ex Post Facto Clauses. U.S. Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. The *ex post facto* prohibition forbids Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed. *Cummings v. Missouri*, 4 Wall. 277, 325–26, 18 L.Ed. 356 (1867). Plaintiff's argument he was denied a statutory right in existence at time of sentence is without merit. To violate the Ex Post Facto Clause the law must be penal or criminal in nature, retrospective, and disadvantageous to the offender because it may impose a greater punishment. *Dyke v. Meachum*, 785 F.2d 267, 268 (10th Cir. 1986). The deletion of the bail provision does not punish prior conduct that was once lawful. Furthermore, the original bail provision created no right to bail. It provided that parole violators *may* be released on bail by a judge. The refusal to set bail for plaintiff following his arrest did not violate the *ex post facto* prohibition.

### B. Preliminary Hearing

Plaintiff contends that refusal of request for hearing on probable cause violated the Ex Post Facto Clauses and due process. The requirement for a hearing on probable cause was eliminated prior to plaintiff's arrest for violation of parole. C.R.S. 17–2–103(4)(a) (1986). The elimination of the requirement for a preliminary hearing does not violate the *ex post facto* prohibition. The new statute does not punish prior conduct that was once lawful. *Dyke, supra.* Nor does the refusal to hold a hearing on probable cause violate due process. A condition of plaintiff's parole required plaintiff to obtain permission before leaving the State. In that circumstance, plaintiff's presence in another state without prior permission is sufficient probable cause to believe he violated conditions of his parole and a preliminary hearing is not required. *Barton v. Malley*, 626 F.2d

151, 159 (10th Cir.1980). Plaintiff's presence in California without permission and subsequent arrest in that state establishes probable cause. Denial of a hearing to establish probable cause in this circumstance was not unconstitutional.

## C. Appointment of Counsel

■ Plaintiff contends the refusal of his request for appointed counsel violates his constitutional rights. Plaintiff contends he needed an attorney to prepare a mitigation defense and that his incarceration prevented him from contacting out-of-state witnesses. Appointment of counsel at revocation hearings is discretionary in the Parole Board. *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973). The Court stated counsel should be provided (1) if the parolee has a colorable claim that he did not commit the violation or (2) if there are substantial reasons justifying the violation or making revocation inappropriate, and the reasons for the violation are difficult to develop or present. *Scarpelli, supra* at 790, 93 S.Ct. at 1763. In its decision the Parole Board should also consider whether the parolee is capable of speaking effectively for himself. *Id.* Defendant Cozzetto denied plaintiff's request for appointed counsel because the issues were not complex and plaintiff was able to effectively represent himself due to his prior legal experience.

■ In regard to plaintiff's ability to represent himself, the Magistrate finds the following. The issues regarding mitigation were not complex. Plaintiff presented evidence, issues and state and federal case authority to the Parole Board. Plaintiff cross-examined witnesses. Plaintiff convinced the Parole Board that he was not guilty of one of the charges against him. Based on prior contact with plaintiff in a legal context the Magistrate finds plaintiff is intelligent and very capable of representing himself. At the evidentiary hearing plaintiff provided the Magistrate with a succinct explanation of an applicable law over which there was some confusion. The Magistrate finds counsel was not necessary

at plaintiff's revocation hearing. We adopt the Magistrate's findings.

## D. Jurisdiction of Parole Board

■ Plaintiff contends the lapse of 59 days between his arrest and the revocation hearing violates Colorado statutory law and due process, thereby defeating the Parole Board's jurisdiction. A parole revocation hearing must be held within a reasonable time, not to exceed 30 days after arrest. C.R.S. 17–2–103(7) (1986). The Supreme Court of Colorado held such time limitations only fix the maximum period of time a suspected parole violator may be held in jail by the parole authorities. *Folks v. Patterson*, 159 Colo. 403, 412 P.2d 214, 217 (1966). Plaintiff was placed in custody of the Parole Board on May 10, 1988. The revocation hearing was held on June 2, 1988, within the 30–day time limitation. There is no violation of C.R.S. 17–2–103(7) (1986).

■ Plaintiff's due process rights were not violated by his incarceration. The Due Process Clause requires that a revocation hearing be held within a reasonable time. *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972). A two-month lapse is not unreasonable. *Id.* Plaintiff was in custody for 59 days prior to the revocation hearing. The incarceration was reasonable.

## E. Notification and Evidence in Support

■ Plaintiff is correct that notice of the Parole Board's decision and evidence relied upon were technically deficient. Defendant Cozzetto informed plaintiff of Parole Board's finding of guilty at the revocation hearing. However, plaintiff did not receive the Parole Board Mittimus/Finding and Order until June 17, 1988. Notice must be within five working days. C.R.S. 17–2–103(11) (1986). The Mittimus did not contain any statement as to evidence the Parole Board relied on. On October 17, 1988 the Parole Board issued an Amended Mittimus containing the required information. Plaintiff had notice of the Parole Board's finding almost immediately; its decision to revoke parole four days late; and

the evidence relied upon approximately four months late. These technical violations do not warrant relief plaintiff seeks.

### F. Confiscated Funds

 Plaintiff's claim as to confiscation of $156.01 is not cognizable in a § 1983 action. *Durre v. Dempsey*, 869 F.2d 543, 546–47 (10th Cir.1989). The taking of an individual's property does not implicate the Due Process Clause of the Fourteenth Amendment if there is an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533–36, 104 S.Ct. 3194, 3203–05, 82 L.Ed.2d 393 (1984). Plaintiff's proper remedy is through a civil lawsuit against the State of Colorado.

### G. Credit for Prerevocation Custody

 Plaintiff contends he did not receive credit for time spent in custody following his arrest. There is no constitutional right to presentence confinement credit. *Vasquez v. Cooper*, 862 F.2d 250 (10th Cir. 1988). Nor is there a statutory right to that credit. *Santisteven v. Johnson*, 751 P.2d 621 (Colo.1988). In computing the period of confinement for a paroled inmate the time between release and return to custody shall not be considered any part of the term of sentence. C.R.S. 17–22.5–203 (1986). The parolee does not begin receiving credit until parole is revoked. *Santisteven, supra* at 623–26.

### H. Recomputation of Sentence

 Plaintiff contends defendants erroneously added four years and 18 days to his sentence. Plaintiff's argument that C.R.S. 17–22.5–203(1) (1986) violates the Eight Amendment is undecipherable. Plaintiff apparently bases his argument on a mistaken discharge date of October 17, 1995. Plaintiff's correct discharge date of November 6, 1990 moots this argument.

### I. Access and Facilities

 Plaintiff contends he was denied access to the law library at the Diagnostic Unit. Legal assistants at the Diagnostic Unit provide copies of legal materials upon inmates' requests. Plaintiff did receive legal materials. Plaintiff is entitled to representation by counsel, a paralegal or an adequate law library in order to file meaningful pleadings with the court. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); *Nordgren v. Milliken*, 762 F.2d 851, 854 (10th Cir.1985). A legal assistant at the Diagnostic Unit testified at the evidentiary hearing that she provided plaintiff with legal materials while he was incarcerated there. Because plaintiff has not demonstrated any injury due to the system used at the Diagnostic Unit there is no violation of his rights. *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir.1980).

 Plaintiff contends the law library at Four Mile Modular Unit is inadequate. The DOC's Director of Legal Affairs testified that inmates at Four Mile may visit the Skyline Correctional Facility library and request materials from the Centennial Law Facility library. Plaintiff contends his current job assignment prevents him from using the Skyline facility. However, a corrections specialist at Four Mile testified that plaintiff requested his current job assignment even though the former assignment did not conflict with the law library's schedule. Any conflict is of plaintiff's volition and does not unconstitutionally prohibit access.

### J. Review of Appeal

Plaintiff's complaint contains an allegation that the review of his appeal of parole revocation was inadequate. Plaintiff fails to discuss this in his motion for summary judgment and did not provide any evidence on this allegation at the evidentiary hearing. Accordingly, the allegation is deemed abandoned and dismissed.

### K. Motion to Construe Under 28 U.S.C. § 2255

 Plaintiff moves the court to construe this action as a petition for habeas corpus pursuant to 28 U.S.C. § 2255 and *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The statute permits a prisoner in custody under sentence of a court established by Act of Con-

gress to claim a right to release. Plaintiff was sentenced by state court pursuant to the laws of the State of Colorado. Neither the statute nor the authority cited by plaintiff are applicable. The motion is denied.

## ORDER

ACCORDINGLY, IT IS ORDERED that the motion of plaintiff for summary judgment pursuant to Fed.R.Civ.P. 56 is DENIED.

IT IS FURTHER ORDERED that the motion of defendants to dismiss complaint pursuant to Fed.R.Civ.P. 12 is GRANTED.

The recommendation of U.S. Magistrate filed December 7, 1989 is adopted in its entirety. The complaint and cause of action are DISMISSED WITH PREJUDICE.

Plaintiff's motion to construe civil rights action under 28 U.S.C. § 2255, filed January 11, 1990, is DENIED.