989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Archie Lee O'QUINN, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Dan Bolden; John Jabe; Jimmy Stegall;
S.L. Burt, Defendants-Appellees.
 No. 92-2183.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1993.
 
 Before MILBURN and RYAN, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Archie Lee O'Quinn, a Michigan state prisoner, appeals from a judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1969, O'Quinn was incarcerated within the Michigan state prison system. He escaped in 1981, but was recaptured in 1988. Upon his reincarceration, O'Quinn once again went through the security classification procedure. Based upon a 1970 Disciplinary Board report, O'Quinn was determined to have a history of predatory homosexual behavior, and was given a "closed" confinement security classification. (Subsequently, in a relabeling of security classifications, closed confinement was replaced by the term "level IV.") A level IV security classification places certain restrictions upon a prisoner that are not placed upon a prisoner with a lower security classification. O'Quinn's complaint alleged that he was unfairly labeled a "homosexual predator" and that, as a result, his constitutional rights were violated. He sought equitable and monetary relief. Upon motion by defendants, the district court granted summary judgment and dismissed the case.
 
 
 3
 On appeal, O'Quinn argues that his equal protection and due process rights have been violated, and that the label of "homosexual predator" is being applied retroactively, and thus improperly. O'Quinn also complains that he was unconstitutionally transferred from the Ryan Regional Correctional Facility to the Michigan State Prison at Jackson.
 
 
 4
 This court reviews the district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper where the moving party shows that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). Upon de novo review, we conclude that the district court properly granted summary judgment for the defendants.
 
 
 5
 O'Quinn does not have a constitutional right to a particular security classification, Hewitt v. Helms, 459 U.S. 460, 468-469 (1983), and Michigan law has not created an expectation of entitlement to a particular security classification giving rise to a constitutionally protected liberty interest. See Id. at 469. O'Quinn also does not have a constitutional right to be placed in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Furthermore, we can find no basis for O'Quinn's claims that his equal protection rights have been violated. O'Quinn does not claim that he is being treated differently because of his race or gender. Finally, we are satisfied that there has been no violation of the ex post facto clause. O'Quinn's classification as a "homosexual predator" is not a "law"; the label does not impose punishment but is used as a security tool; and O'Quinn does not have a constitutional right to a particular security classification allowing him to challenge his level and place of confinement. See Dyke v. Meachum, 785 F.2d 267 (10th Cir.1986). Consequently, O'Quinn's 42 U.S.C. § 1983 claims must fail for he does not allege that he was deprived of a right secured by the federal constitution or the laws of the United States. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-157 (1978).
 
 
 6
 We conclude that the district court properly granted summary judgment and, accordingly, affirm the judgment of the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior United States Circuit Judge for the First Circuit, sitting by designation