Mark Roger JAMISON, Plaintiff–
Appellant,

v.

The PEOPLE of the State of Colorado,
and Gale Norton, Attorney General,
Defendants–Appellees.

No. 98CA0782.

Colorado Court of Appeals,
Div. V.

April 1, 1999.

Rehearing Denied May 6, 1999.

Certiorari Denied Oct. 18, 1999.

Mark Roger Jamison, Pro Se.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Joseph Haughain, Assistant Attorney

General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge DAVIDSON.

Plaintiff, Mark Roger Jamison, appeals from the trial court's dismissal pursuant to C.R.C.P. 12(b)(5) of his complaint for declaratory judgment. We affirm.

On July 28, 1988, plaintiff was convicted of attempted first degree sexual assault and adjudicated an habitual offender. He was sentenced to 25 years to the Department of Corrections (DOC).

On May 29, 1988, § 17–2–201(5)(g), C.R.S. 1998, requiring sex offenders to provide a blood sample for DNA testing became effective. And, in 1994, § 18–3–412.5(1), C.R.S. 1998, requiring convicted sex offenders released after July 1, 1991, to register with local law enforcement agencies was enacted. See Colo. Sess. Laws 1988, ch. 121, § 17–2–201(5) at 701; Colo. Sess. Laws 1994, ch. 290, § 18–3–412.5 at 1736.

Plaintiff filed suit seeking a declaratory judgment that these statutes did not apply to him because they were not in effect at the time he was alleged to have committed the offenses for which he was convicted and adjudged an habitual offender. Therefore, he claimed, the statutes were unconstitutional ex post facto laws and violated his right to equal protection.

The trial court, citing *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (statute that is not punitive in nature does not violate prohibition against ex post facto laws); *Dyke v. Meachum*, 785 F.2d 267 (10th Cir.1986) (in absence of a showing of punitive intent, a change in the regulation of internal administration of prison is not an ex post facto law); *Silurian Oil Co. v. Essley*, 54 F.2d 43 (10th Cir.1931) (statute which changes remedy without altering substantive rights of party is not unconstitutionally retrospective); and *Leidy's, Inc. v. H2O Engineering, Inc.*, 811 P.2d 38 (Colo.1991) (findings of fact not required on motions to dismiss under C.R.C.P. 12(b)), dismissed plaintiff's complaint.

## I.

Plaintiff first contends that the trial court erred in dismissing his complaint without making appropriate findings of fact and conclusions of law. However, because a trial court is not required to make findings of fact or conclusions of law when ruling on a motion to dismiss under C.R.C.P. 12(b), it was not error for the court to so dismiss plaintiff's complaint. See C.R.C.P. 52; *Leidy's, Inc. v. H2O Engineering, Inc., supra.*

## II.

Plaintiff next contends that §§ 17–2–201(5)(g) and 18–3–412.5(1) violate the constitutional prohibition against ex post facto laws and his right to equal protection. We do not agree.

Section 17–2–201(5)(g) provides, as a condition of parole, that:

> [T]he [parole] board shall require any offender convicted of an offense for which the factual basis involved a sexual assault as defined in part 4 of article 3 of title 18, C.R.S., to submit to chemical testing of his blood to determine the genetic markers thereof and to chemical testing of his saliva to determine the secretor status thereof. Such testing shall occur prior to the offender's release from incarceration, and the results thereof shall be filed with and maintained by the Colorado bureau of investigation.

Under § 18–3–412.5(1), C.R.S.1998:

> [E]ffective July 1, 1998, the following persons shall be required to register pursuant to the provisions of subsection (2) of this section and shall be subject to the requirements and other provisions specified in this section:
>
> . . . .
>
> (III) Any person who was released on or after July 1, 1991, from the custody of the department of corrections having served a sentence for an unlawful sexual offense, as defined in section 18–3–411(1), or enticement of a child, as described in section 18–3–305.

### A.

We disagree with plaintiff's contention that, because these statutes impose new conditions on him, they unconstitutionally enhance his punishment.

U.S. Const. art. I, §§ 9 & 10, and Colo. Const. art. II, § 11, prohibit the passage of ex post facto laws. The ex post facto clauses forbid Congress and the states from enacting laws which impose punishment for an act that was not punishable at the time it was committed or impose additional punishment to that then prescribed. *See Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *Gasper v. Gunter,* 851 P.2d 912 (Colo.1993).

#### 1.

We note first that § 17–2–201(5)(g) was enacted May 29, 1988, and, therefore, was in effect prior to plaintiff's conviction on July 28, 1988, as a sexual offender. By its plain language, the statute applies only to those offenders who are convicted of a sexual offense after the date the statute took effect and who subsequently are eligible for parole. Thus, § 17–2–201(5)(g) cannot be considered retrospective in its application here. *See Gasper v. Gunter, supra* (statute triggered by acts which take place after statute has become effective is not retrospective).

#### 2.

For a criminal statute to be stricken as ex post facto, it must be retrospective and it must disadvantage the offender affected by it. *People v. Billips,* 652 P.2d 1060 (Colo.1982). However, a law will withstand an ex post facto challenge if the legislative intent is not to impose further punishment for past crimes, but instead is incident to the regulation of a present situation. *See Wood v. Beatrice Foods Co.,* 813 P.2d 821 (Colo. App.1991).

Although application of § 18–3–412.5(1) relates back to convicted sexual offenders released on or after July 1, 1991, it does not violate the prohibition against ex post facto laws because the statute does not disadvantage plaintiff.

In enacting § 18–3–412.5(1), the General Assembly did not intend the registration requirement to inflict additional punishment on a person convicted of a sexual offense. Rather, such registration is required in order to aid law enforcement officials in investigating future sex crimes and to protect the public safety. *See* § 18–3–412.5(6.5)(a), C.R.S.1998 (information from registration may be made available under limited circumstances to allow members of the public to protect themselves and their children).

Therefore, because the intent of the statute is remedial and not punitive, it does not unconstitutionally enhance plaintiff's punishment and is not an ex post facto law. *See People v. Fioretti,* 54 Cal.App.4th 1209, 63 Cal.Rptr.2d 367 (1997) (registration statute is not so punitive as to overcome its regulatory effect); *State v. Pickens,* 558 N.W.2d 396 (Iowa 1997) (registration is remedial not punitive); *Van Doren v. Mazurkiewicz,* 695 A.2d 967 (Pa.Commw.Ct.1997) (regulation reasonably related to legitimate goal of allowing authorities to remain vigilant against repeat offenders).

Moreover, § 18–3–412.5(1) does not increase the time an offender spends in custody. Nor has plaintiff been denied parole for refusing to agree to submit to the requirements of §§ 17–2–201(5)(g) and 18–3–412.5(1). *Cf. Jones v. Murray,* 962 F.2d 302 (4th Cir.1992) (statute requiring convicted felons to give blood sample for DNA analysis violated ex post facto clause to the extent that it could be enforced to modify mandatory parole by precluding release of inmate six months prior to final discharge based on refusal to give blood sample).

### B.

Plaintiff also contends that §§ 17–2–101(5)(g) and 18–3–412.5(1) violate his right to equal protection because offenders convicted of sexual offenses the same year as he but released prior to July 1, 1991, are not required to register or provide a blood sample for DNA testing. We reject this contention.

Equal protection of the laws assures that those who are similarly situated will be

similarly treated. *People v. Alexander*, 797 P.2d 1250 (Colo.1990). Consequently, if the person alleging disparate treatment is not situated similarly to those treated differently, then the equal protection challenge will fail. *People v. Black*, 915 P.2d 1257 (Colo.1996).

Here, plaintiff claims that, by being required to register and provide a blood sample as conditions of his parole, he is being treated differently under the statutes from those who were released before July 1, 1991. However, plaintiff simply is not similarly situated to those persons because he is still in custody. Plaintiff has not alleged that he is being treated disparately when compared to those who are eligible for release at the same time he is.

The judgment is affirmed.

Judge VOGT and Judge STERNBERG * concur.