The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Monty K. SOWELL, Defendant–Appellee.

No. 10CA0405.

Colorado Court of Appeals, Div. VI.

March 17, 2011.

Daniel H. May, District Attorney, Deborah Pearson, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee.

Opinion by Judge ROMÁN.

The People appeal the district court's order granting defendant's petition to discontinue registration as a sex offender. We reverse and remand the case for entry of an order denying defendant's petition.

## I. Background

Defendant, Monty K. Sowell, pled guilty to one charge of sexual assault on a child by one in a position of trust, a class four felony. In return, the District Attorney dismissed the two other counts of sexual assault on a child by one in a position of trust and recommended a sentence of probation. The October 13, 1995, plea agreement outlined the possible prison sentence and fine for sexual assault on a child, as well as mandatory surcharges, but did not mention registration as a sex offender. At that time, sex offenders were required to register, but could petition after a waiting period to discontinue the requirement. Ch. 290, sec. 1, § 18–3–412.4(7), 1994 Colo. Sess. Laws 1738.

Defendant was sentenced to six years probation. The probation was terminated by the court on October 21, 1999. Defendant registered as a sex offender thereafter.

In 2001, the General Assembly amended the statute to preclude certain sex offenders from petitioning to discontinue registration. Ch. 199, sec. 2, § 18–3–412.5(7)(c), 2001 Colo. Sess. Laws 658–59. In 2002, the General Assembly enacted similar provisions in the Colorado Sex Offender Registration Act (the Act), now codified with amendments at sections 16–22–101 to –115, C.R.S.2010.

On October 28, 2009, defendant filed a petition in the district court to discontinue sex offender registration. The People filed an objection, asserting that defendant was not eligible for relief from registration because section 16–22–113(3)(b)(III) [1] denies such eligibility to persons convicted as adults of sexual assault on a child by one in a position of trust and instead requires that those persons be subject to registration for the remainder of their natural lives.

Defendant responded that:

- section 16–22–113(3)(b)(III) was not in effect at the time he was sentenced;
- the statutory scheme in Colorado at the time he pled guilty permitted a person convicted of his offense to petition for removal from the registry ten years after final release from the jurisdiction of the court;
- he received notice when he initially registered that a person with a class 4 felony would be able to petition to discontinue registration ten years after final release from the jurisdiction of the court; and
- when he entered his plea, he relied on the notice and statutory scheme giving him the right to eventually petition for termination of sex offender registration.

At the hearing on the petition, the People asserted that section 16–22–113(3)(b)(III) applies to defendant despite the fact that it came into effect after his plea.

Noting that section 16–22–113(3) was silent on "what should happen to old pleas," the district court concluded that it had authority to grant the petition "based upon when [defendant] entered his plea and what the law was when he entered his plea," and because there had been detrimental reliance. The district court ordered that defendant no longer be required to register as a sex offender with local law enforcement offices in relation to the offense in this case.

The People appeal the district court's order. We conclude that the statute requires defendant to register for life as a sex offender and that defendant has not demonstrated that he reasonably relied on a governmental promise that he would be entitled to discontinue registration.

---

**1.** Section 16–22–113(3) provides, in relevant part:

> The following persons shall not be eligible for relief pursuant to this section [allowing petition for removal from registry], but shall be subject for the remainder of their natural lives to the registration requirements specified in this article or to the comparable requirements

of any other jurisdictions in which they may reside:

> . . .
>
> (b) Any person who is convicted as an adult of:
> . . .
>
> (III) Sexual assault on a child by one in a position of trust, in violation of section 18–3–405.3, C.R.S.

## II. Statutory Interpretation

■ We are asked in this case to determine whether defendant is subject to *lifetime* registration as a sex offender based on his 1995 conviction for sexual assault on a child by one in a position of trust, even though the statute in effect when defendant pled guilty offered the opportunity to petition to discontinue registration after a waiting period. Because the plain meaning of the statute is unambiguous, we conclude defendant is subject to lifetime registration.

■ Statutory construction is a question of law subject to de novo review. *Specialty Restaurants Corp. v. Nelson*, 231 P.3d 393, 397 (Colo.2010). Our primary objective is to effectuate the intent of the General Assembly. *Id.* Where the statutory language is clear, we interpret the statute according to its plain and ordinary meaning. *Id.* In construing statutory language, we read the statute as a whole, with the goal of giving "consistent, harmonious, and sensible effect to all its parts." *People v. Summers*, 208 P.3d 251, 254 (Colo.2009) (quoting *People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986)). While clear legislative intent is necessary to apply a law retroactively, an express legislative declaration of retroactivity is not. *Ficarra v. Dep't of Regulatory Agencies*, 849 P.2d 6, 14 (Colo.1993).

## A. Colorado Sex Offender Registration Act

Section 16–22–103 defines the offenders who are subject to the requirements of the Act.[2] Persons either convicted of or released from custody imposed for conviction of certain sexual offenses after dates specified in the statute are subject to the registration requirements. It is undisputed that defendant is an offender subject to registration as defined in section 16–22–103.

All persons specified in section 16–22–103 are required to register pursuant to section 16–22–108, which outlines the procedures and frequency for registration. That section imposes a lifetime registration obligation on persons convicted of, among other things, sexual assault on a child by one in a position of trust. § 16–22–108(1)(d).[3] Section 16–22–113 recognizes this lifetime registration obligation by excluding those persons from eligibility to petition to discontinue registration.

## B. Plain Meaning

The plain·meaning of sections 16–22–108 and –113 outlined above evinces a legislative intent to subject any qualifying offender defined in section 16–22–103 to lifetime registration requirements, even where an offender previously would have been eligible to discontinue registration. *Cf., e.g., People v. D.K.B.*, 843 P.2d 1326, 1328–29 (Colo.1993) (statutory amendment excepting persons convicted of criminal offenses from petitioning to seal criminal and arrest records applied to two petitioners who had been convicted prior to the amendment); *Ficarra*, 849 P.2d at 13 (where bail bondsman licensing statute was amended to provide that every applicant "shall" show he has not been convicted of a felony in the previous ten years and that a license "shall" be denied to one convicted of a felony within the last ten years, and to delete references to Ex–Offenders' Rights Act, the "unmistakable" intent was that the prohibition apply to persons who had been convicted and had been granted licenses prior to the amendment); *Shell Western E & P, Inc. v. Dolores Cnty. Bd. of Comm'rs*, 948 P.2d 1002, 1011–12 (Colo.1997) (statutory language providing that delinquent interest on "[t]axes levied upon additional assessments . . . on oil and gas leaseholds and lands which had been previously omitted from the tax list . . . [as a

2. The statute requires registration by, among others, "[a]ny person who was convicted on or after July 1, 1991, in the state of Colorado, of an unlawful sexual offense," § 16–22–103(1)(a) (including sexual assault on a child by one in a position of trust, § 18–3–411(1)), and "[o]n and after July 1, 1994, any person who is convicted in the state of Colorado of unlawful sexual behavior," § 16–22–103(2)(a) (defined to include sexual assault on a child by one in a position of trust, § 16–22–102(9)(e)).

3. Section 16–22–108(1)(d)(I) provides, in relevant part:

   [A]ny person who is convicted as an adult of any of the offenses specified in subparagraph (II) of this paragraph (d) has a duty to register for the remainder of his or her natural life. The offenses specified in subparagraph (II) include sexual assault on a child by one in a position of trust. § 16–22–108(1)(d)(II)(C).

result of the taxpayer's failure to make the required disclosures] shall be calculated to accrue from the date the taxes were due" "plainly evinces an intention to change the calculation of interest on tax obligations that arose in the past and are subsequently discovered").

This interpretation is supported by the structure of the statute, where sections 16–22–108 and –113 do not specify dates of applicability, but rather refer back to section 16–22–103, which clearly applies to persons convicted prior to its enactment. *See, e.g.,* § 16–22–103(1)(a), (c) (requiring registration for "[a]ny person who was convicted on or after July 1, 1991, in the state of Colorado, of an unlawful sexual offense" and for "[a]ny person who was released on or after July 1, 1991, from the custody of the department of corrections of this state or any other state, having served a sentence for an unlawful sexual offense"); *Jamison v. People,* 988 P.2d 177, 180 (Colo.App.1999) (application of predecessor to section 16–22–103 relates back to convicted sexual offenders released on or after July 1, 1991); *see also Ficarra,* 849 P.2d at 13 ("there is a presumption that all laws are passed with knowledge of those already existing" (quoting *City & County of Denver v. Rinker,* 148 Colo. 441, 446, 366 P.2d 548, 550 (1961))).[4]

### III. Detrimental Reliance

■ The trial court found detrimental reliance by defendant in entering his guilty plea, based on his arguments that he had relied on (A) the notice he received that he would be eligible to petition to discontinue registration, and (B) the statutory scheme then in effect, which would have permitted him to petition

to discontinue registration.[5] Defendant asserted that, in light of his detrimental reliance, due process required that he be afforded the opportunity to petition to discontinue registration. We discern no such right arising from either the notice or the statutory scheme.

### A. Notice

Defendant filed "the notice to register as a sex offender that [he] was provided at the time of his original registration" as an exhibit in the district court. He contended that he relied on this notice at the time of the entry of his plea. However, there is no evidence that defendant originally registered as a sex offender and received this notice *before* his conviction in 1995. To the contrary, the form was produced in 1996, and the handwritten date on the form acknowledging receipt is October 9, 1997. Moreover, the name and signature on the form acknowledging receipt of the notice do not even appear to be those of defendant. Accordingly, the trial court erred to the extent it relied on this notice to find detrimental reliance on a prosecutorial promise and to apply the former version of the statute. *See People v. Platt,* 81 P.3d 1060, 1065 (Colo.2004) (trial court may not reach legal conclusions unsupported by the record).

### B. Statutory Scheme

■ Defendant also asserted reliance on the statutory scheme in effect when he entered his plea, contending that the "governmental promise" must be enforced by applying the former statutory scheme. We interpret this as essentially an ex post facto argument.[6] *See Gasper v. Gunter,* 851 P.2d

---

4. We note that section 16–22–113(3) was applied to a person convicted prior to its enactment by a division of this court in *People v. Atencio,* 219 P.3d 1080 (Colo.App.2009). Although the issue was not specifically raised on appeal, that division applied the lifetime registration requirement to a petitioner who entered his guilty plea prior to its enactment.

5. Defendant does not appear on appeal. We address his arguments to the trial court using the past tense.

6. Rather than labeling this an ex post facto argument, defendant asserted a due process violation.

He relied on *People v. Fisher,* 657 P.2d 922 (Colo.1983), and *People v. Macrander,* 756 P.2d 356 (Colo.1988), to support his claim that a governmental promise that induced a guilty plea should be enforced. *Fisher* and *Macrander* are plainly distinguishable because the defendants in those cases relied on case-specific promises by individual government actors—a police detective in *Fisher* and a deputy district attorney in *Macrander.* In contrast, defendant's challenge here was based on the "promise" of the legislature as embodied in the then current statutory scheme, and thus is more appropriately considered as an ex post facto challenge.

912, 916 (Colo.1993) (Ex Post Facto Clauses forbid states from enacting laws which impose additional punishment to that which was prescribed at the time an act was committed). We disagree, however, that the lifetime registration requirement is ex post facto punishment.

Laws imposing registration requirements on sex offenders do not violate the Ex Post Facto Clauses. *See Jamison,* 988 P.2d at 180 (rejecting ex post facto challenge to sex offender registration requirement where conviction occurred prior to enactment of registration requirement); *see also People v. Tuffo,* 209 P.3d 1226, 1230 (Colo.App.2009). Nor does modification of this requirement from an indefinite to a lifelong duty to register transform registration into a punishment. *People v. Stead,* 66 P.3d 117, 120 (Colo.App. 2002). Thus, because registration is not punishment, defendant is not entitled to application of the registration scheme in effect when he entered his guilty plea.

Because we conclude that the lifetime registration requirement applies to all persons required to register pursuant to section 16–22–103, regardless of the date of conviction, and because defendant did not reasonably rely on a governmental promise that he could eventually petition to discontinue registration, the district court erred in granting defendant's petition.

The district court's order is reversed and the case is remanded for entry of an order denying defendant's petition.

Judge HAWTHORNE and Judge RICHMAN concur.