[No. H015792. Sixth Dist. Apr. 10, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH LAWRENCE FIORETTI, Defendant and Appellant.

COUNSEL

Thomas Knutsen for Defendant and Appellant.

George W. Kennedy, District Attorney, Evelyn A. Peyton and Michael L. Rossi, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MONOUKIAN, J.**—Appellant Joseph Lawrence Fioretti was convicted of violating Penal Code section 290, subdivision (f),[1] which requires that sex offenders subject to the registration requirements of section 290 inform authorities of any change of residence. In defense he maintained he was not required to reregister under section 290, subdivision (f), because he had been relieved of all registration requirements in 1983, when his probation was discharged and his record was cleared by court order pursuant to section 1203.4. At the time appellant obtained his section 1203.4 clearance, however, section 290.1, enacted effective January of 1982, was the law. (Stats. 1981, ch. 105, § 1, p. 794.) That section provides that registration requirements continue notwithstanding a section 1203.4 record clearance.

Appellant argues here that section 290.1 cannot be applied to him without violating constitutional ex post facto protections because it was enacted after he had committed his original offense in 1980 and it retroactively increased the punishment for that offense. We reject appellant's ex post facto claim and affirm his conviction for violating section 290, subdivision (f).

### BACKGROUND

Appellant was convicted of a violation of section 288, subdivision (a), on December 30, 1980, relating to an offense committed on August 16, 1980.

---

[1] All statutory references are to the Penal Code.

On April 10, 1981, he was sentenced to three years' formal probation, subject to various conditions, including the requirement that he register under section 290 as a sex offender. He registered on December 8, 1981. At all of these times the law provided that a probationer who fulfilled the conditions of probation or received an early discharge from probation could have his conviction expunged from the record and "be released from all penalties and disabilities resulting from the offense . . . ." (§ 1203.4.)

Effective January 1, 1982, section 290.1 was added to the Penal Code and expressly provided that an expungement under section 1203.4 does not relieve a felony sex offender from the continuing duty to register under the provisions of section 290. (Stats. 1981, ch. 105, § 1, p. 794.)

On April 8, 1983, the superior court terminated appellant's probation after 24 months (§ 1203.3) and granted him a record clearance pursuant to section 1203.4. The order made no reference to registration requirements, simply providing that appellant was granted a "record clearance pursuant to section 1203.4 P.C."

In 1990 the San Jose Police Department became aware of facts suggesting that appellant had relocated his residence and had not informed law enforcement agencies of this change pursuant to section 290, subdivision (f).

On May 13, 1994, a complaint was filed in the Municipal Court of Santa Clara County, alleging that between May 6, 1993, and May 6, 1994, appellant violated the requirements of section 290 by failing to register after changing his residence. Appellant entered a plea of not guilty and moved to dismiss the complaint on grounds that he had been relieved from registration requirements by the 1983 clearance of his record under section 1203.4.

The municipal court denied the motion to dismiss on April 28, 1995, and the superior court denied appellant's writ petition. On September 29, 1995, this court also denied writ relief, for the reason that ordinary appellate remedies were adequate.

Thereafter, appellant withdrew his not guilty plea and entered a plea of nolo contendere to the charge of violating section 290. He appealed the ensuing judgment, as well as the order denying his motion to dismiss, to the appellate department of the superior court. The appellate panel affirmed the judgment on July 17, 1996, and subsequently certified the case for transfer to this court. We accepted transfer September 6, 1996.

### ARGUMENT

A law which makes more burdensome the punishment for a crime after its commission violates ex post facto provisions of the United States

and California Constitutions. (*Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 288 [279 Cal.Rptr. 592, 807 P.2d 434]; *People* v. *McVickers* (1992) 4 Cal.4th 81, 84 [13 Cal.Rptr.2d 850, 840 P.2d 955]; *Collins* v. *Youngblood* (1990) 497 U.S. 37 [110 S.Ct. 2715, 111 L.Ed.2d 30]; U.S. Const., art. I, § 9, cl. 3; Cal. Const., art. I, § 9.) Simply stated, the rule is that "[l]egislatures may not retroactively . . . increase the punishment for criminal acts." (*Collins* v. *Youngblood, supra,* at p. 43 [110 S.Ct. at p. 2719].)

Here, at the time section 290.1 was enacted, appellant was serving his term of probation and was subject to all registration requirements, including the requirement under subdivision (f) to inform authorities of a change of residence. Although he was entitled to petition the court to obtain a record clearance if he successfully completed probation, he had not yet done so. At the time he initiated the proceeding to have his record cleared, section 290.1 was the law, and had been the law for over a year. It provided that "[n]otwithstanding Section 1203.4 . . . a person convicted of a felony sex offense *shall not be relieved from the duty to register under Section 290.*" (Italics added.) Thus in 1983, when appellant petitioned the court under section 1203.4, the court was without power under prevailing law to relieve him from the continuing registration requirements of section 290.

Section 290.1 did not impose any additional requirements on appellant, since he was at all times subject to the provisions of section 290. He argues that section 290.1 deprived him of the opportunity to be relieved entirely of the requirements of section 290 and that this constituted increased punishment for purposes of the ex post facto clause. We disagree. In *Collins* v. *Youngblood, supra,* 497 U.S. 37, the Supreme Court clarified the punitive aspect of the ex post facto analysis. Prior to *Collins,* a line of cases had included a "disadvantage" to a defendant as a component of the ex post facto analysis. (See, e.g., *Weaver* v. *Graham* (1981) 450 U.S. 24, 28-29 [101 S.Ct. 960, 964, 67 L.Ed.2d 17]; *Kring* v. *Missouri* (1883) 107 U.S. 221, 228-229 [2 S.Ct. 443, 450, 27 L.Ed. 506]; *Thompson* v. *Utah* (1898) 170 U.S. 343, 352-353 [18 S.Ct. 620, 623, 42 L.Ed. 1061].) *Collins* refocussed the analysis on defendant's punishment. "Under *Collins,* . . . the ex post facto clause prohibits not just a *burden* but a more burdensome *punishment.*" (*People* v. *McVickers, supra,* 4 Cal.4th at p. 84.) The proper inquiry post-*Collins* is not whether the law results in a disadvantage to the person affected by it but rather whether it increases the penalty by which a crime is punished. (*Ibid.*)

Appellant argues that the disadvantage to him resulting from the enactment of section 290.1 was similar to the effect of laws changing a defendant's eligibility to receive a lesser sentence (*Lindsey* v. *Washington*

(1937) 301 U.S. 397 [57 S.Ct. 797, 81 L.Ed. 1182]) or changing sentencing guidelines (*Miller* v. *Florida* (1987) 482 U.S. 423 [107 S.Ct. 2446, 96 L.Ed.2d 351]). Again, we disagree. Appellant's sentence was not affected here. Moreover, pre-*Collins* cases based on a "disadvantage" to defendant are out of step with accepted ex post facto analysis.

 Under current standards, where a statute has primarily a legitimate regulatory purpose, it is not considered punitive, even though it may also have a punitive purpose and even if it disadvantages the person affected by it. (*Pro-Family Advocates* v. *Gomez* (1996) 46 Cal.App.4th 1674, 1684 [54 Cal.Rptr.2d 600]; *U.S.* v. *Ursery* (1996) __ U.S. __, __ [116 S.Ct. 2135, 2145-2146, 135 L.Ed.2d 549]; *De Veau* v. *Braisted* (1960) 363 U.S. 144, 160 [80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109]; *John Doe* v. *Poritz* (1995) 142 N.J. 1 [662 A.2d 367]; *State* v. *Carpenter* (1995) 197 Wis.2d 252 [541 N.W.2d 105, 113].) Here, the purpose of section 290.1, as with registration requirements in general, was to provide local police authorities with information about the whereabouts of convicted sex offenders, thereby facilitating the investigation of sex crimes. (Assem. Com. on Criminal Justice, analysis of Assem. Bill No. 322 (1981-1982 Reg. Sess.)) Protecting the public and providing for the safety of its citizens is a legitimate nonpunitive purpose. (*State* v. *Carpenter*, *supra*, 541 N.W. 2d at p. 112.) Under current ex post facto analysis, section 290.1 is not so punitive in purpose or effect as to override its regulatory purpose. (*U.S.* v. *Ursery*, *supra*, __ U.S. at p. __ [116 S.Ct. at pp. 2145-2146, 135 L.Ed.2d 549].) Indeed virtually every court recently considering sex offender registration laws has held that these requirements are regulatory rather than punitive. (See, e.g., *Kitze* v. *Com.* (1996) 23 Va.App. 213 [475 S.E.2d 830]; *Opinion of the Justices to the Senate* (1996) 423 Mass. 1201 [668 N.E.2d 738]; *State v. Myers* (Kan. 1996) 923 P.2d 1024; *Artway* v. *Attorney General of State of N.J.* (3d Cir. 1996) 81 F.3d 1235, 1267; *State* v. *Noble* (1992) 171 Ariz. 171 [829 P.2d 1217, 1219-1220]; *State* v. *Ward* (1994) 123 Wn.2d 488 [869 P.2d 1062].) While no California court has directly addressed the issue, the Supreme Court in *People* v. *McVickers*, cited with approval the case of *State* v. *Noble*: "*State* v. *Noble* . . . held that a statute requiring registration of sex offenders did not violate the ban on ex post facto legislation as applied to a defendant whose crimes preceded its enactment because the overriding purpose of the statute was 'facilitating the location of child sex offenders by law enforcement personnel,' a purpose unrelated to punishment." (*People* v. *McVickers*, *supra*, 4 Cal.4th at p. 87, quoting *State* v. *Noble*, *supra*, at p. 1224.)

Appellant claims that the current state of the law is irrelevant to his claim. He contends that at the time he committed his offense in 1980, registration requirements were considered under California law to be part of the punishment for the crime, and were subject to expungement along with the

conviction in a section 1203.4 proceeding. (*Kelly* v. *Municipal Court* (1958) 160 Cal.App.2d 38 [324 P.2d 990].) The subsequent enactment of section 290.1, he argues, therefore operated to increase his punishment by affecting his ability to obtain this relief. In *Kelly*, the defendant was charged with violating section 290 and claimed, as has appellant, that a previous expungement of his prior conviction under section 1203.4 had relieved him of the duty to register. The Court of Appeal agreed with *Kelly*. It considered the requirements set forth in section 290 to be one of the "penalties and disabilities resulting from the offense or crime of which [defendant] has been convicted," within the meaning of section 1203.4, which would therefore be released by a record clearance under that section. (§ 1203.4.)

At the time defendant in *Kelly* was granted a record clearance, however, there was no express limitation on the court's power in a section 1203.4 proceeding to relieve a defendant of the continuing duty to register. Indeed the Legislature enacted section 290.1 with *Kelly* in mind, specifically intending thereby to correct a perceived flaw in the registration statutes which allowed convicted sex offenders to avoid continuing compliance with registration requirements by obtaining an expungement of their convictions. (See Com. on Criminal Justice, analysis of Assem. Bill No. 322 (1981-1982 Reg. Sess.) as amended Apr. 23, 1981; Sen. Com. on Judiciary, Dept. of Legal Affairs Bill Rep. on Assem. Bill No. 322 (1981-1982 Reg. Sess.) June 29, 1981.) Had appellant obtained his record clearance prior to the enactment of section 290.1, we would agree that its application to him would be retroactive. However, at the time the court granted his clearance, section 290.1 rather than *Kelly* controlled the proceedings and the superior court had no authority to affect appellant's continuing duty to register under section 290.

Appellant points out that *Kelly* was later cited with approval by the Supreme Court in *In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 663 P.2d 216], a case decided after section 290.1 was enacted and after appellant's record clearance. *Reed*, however, is distinguishable for several reasons. *Reed* concerned a misdemeanor defendant. Section 290.1, as originally enacted, applied only to felony sex offenders. Thus when *Reed* was decided, *Kelly* was still applicable to misdemeanants requesting a record clearance. Furthermore, the court in *Reed* was addressing a claim that the mandatory registration requirements of section 290 constituted cruel and unusual punishment when applied automatically to all persons convicted of a misdemeanor violation of section 647, subd. (a) [soliciting lewd or dissolute conduct in a public place]. The court's discussion of the punitive aspects of mandatory sex offender registration must be seen in that context.

The court in *Reed* acknowledged that registration requirements have not historically been regarded as punishment. (*In re Reed, supra,* 33 Cal.3d at p.

920.) Furthermore, the court conceded that "the Legislature may reasonably have intended that sex offender registration serve as a law enforcement tool to facilitate criminal investigations . . ." (*id.* at p. 922) and that registration statutes may incorporate aspects of both punishment and regulation. (*Id.* at p. 922, fn. 8.) However, the court found that the section 290 registration requirements were excessively punitive in relation to the legitimate regulatory purposes. On balance, the court concluded that registration requirements were to be considered "a form of punishment" within the meaning of article I, section 17, of the state Constitution.

Because the issue in *Reed* involved a claim of cruel and unusual punishment, the court focused on the relationship between defendant's offense and the mandatory registration requirements. The court noted that there were "relatively minor" offenses for which persons could be convicted under section 647, subdivision (a), that no one need be "victimized" in the traditional criminal sense (*In re Reed, supra,* 33 Cal.3d at p. 923), that a conviction could result from a single incident of sexual indiscretion, involving no violence, and that Reed himself was "not the prototype of one who poses a grave threat to society." (*Id.* at p. 924.) The court further observed that there were numerous more serious sex offenses not requiring lifetime registration, and that California's mandatory registration laws were relatively severe in comparison with other jurisdictions. The court concluded that a requirement of lifetime compliance with sex offender registration laws was out of proportion to Reed's offense. It therefore invalidated section 290, as applied to persons convicted of misdemeanor violations of section 647, subdivision (a), as cruel and unusual punishment.

Appellant argues that *Reed* represents the law in California, standing for the proposition that sex offender registration requirements are to be considered a form of punishment for all purposes. We believe the holding in *Reed* is more properly limited to its particular circumstances and to the legal issue addressed by the court in that case. The court in *Reed* emphasized the fact that defendant was an otherwise exemplary citizen who was involved in a "relatively simple sexual indiscretion" with no victim. (*In re Reed, supra,* 33 Cal.3d at p. 924.) Appellant, on the other hand, was convicted of a felony sex offense, namely lewd and lascivious conduct upon a child (Pen. Code, § 288, subd. (a).) Furthermore, at the time *Reed* was decided, only three other states besides California had sex offender registration laws, all of which were less stringent than California's. (*In re Reed, supra,* 33 Cal.3d at p. 925.) Now sex offender registration laws are a widely accepted means of aiding law enforcement authorities in preventing and investigating sex crimes, and have been found by courts addressing the issue to have a legitimate regulatory purpose. In *Reed,* the court held simply that insofar as

section 290 requires registration of all persons convicted under section 647, subdivision (a), it violates article I, section 17 of the California Constitution. We do not believe that holding is susceptible of the broad application appellant would give it to ex post facto claims under article 1, section 9.

Appellant raises two further issues, which require brief response. He argues that the statute of limitations expired prior to the filing of this action, since authorities knew or should have known that he had changed his residence at some time prior to December of 1990 and did not file the complaint against him until 1994. *In re Parks* (1986) 184 Cal.App.3d 476 [229 Cal.Rptr. 202] decides this issue. Failure to register under section 290 is a continuing offense to which the statute of limitations does not apply. (184 Cal.App.3d at p. 480.)

Appellant's claim of equitable estoppel also fails. There is no evidence of government conduct in this case which would indicate any official representation to appellant that he was not required to comply with registration requirements. The order granting his petition in 1983 provided only that the record clearance was granted "pursuant to section 1203.4." Under section 1203.4 at that time the court was without power to relieve him of the continuing duty to register.

## DISPOSITION

We affirm the judgment against appellant for a violation of Penal Code section 290, subdivision (f).

Cottle, P. J., and Mihara, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 16, 1997.