The AMERICAN CIVIL LIBERTIES UNION OF NEVADA, Does 1-8 and Does A-S, individuals, Plaintiffs,

v.

Catherine CORTEZ MASTO, Attorney General of the State of Nevada; Jerald Hafen, Director of the Nevada Department of Public Safety; Bernard W. Curtis, Chief, Parole and Probation Division of the Nevada Department of Public Safety; Captain P.K. O'Neill, Chief, Records and Technology Division of the Nevada Department of Public Safety; Michael Haley, Sheriff of the Washoe County Sheriff's Office; Michael Poehlman, Chief of the Reno Police Department; Richard A. Gammick, District Attorney of Washoe County; Douglas Gillespie, Sheriff of the Las Vegas Metropolitan Police Department; Joseph Forti, Chief of the North Las Vegas Police Department; David Roger, District Attorney of Clark County; Chief Richard Perkins, Henderson Police Department, Defendants.

No. 2:08–CV–00822–JCM–PA.

United States District Court
D. Nevada.

Oct. 7, 2008.

Margaret A. McLetchie, Allen Lichtenstein, Lee Rowland, ACLU of Nevada, Las Vegas, NV, for Plaintiffs Does 1–8.

Robert L. Langford, Robert L. Langford & Associates, Las Vegas, Nevada, for Plaintiffs Does A–S.

## PLAINTIFFS' REVISED ORDER GRANTING PERMANENT INJUNCTION

JAMES C. MAHAN, District Judge.

On September 10, 2008, a hearing was held before Hon. Judge James C. Mahan on Plaintiffs' Motion for Summary Judgment. Appearing for plaintiffs the American Civil Liberties Union and Does 1 through 8 were Margaret McLetchie and Allen Lichtenstein. Robert Langford appeared for Plaintiffs Does A through S. Binu Palal and Kimberly Buchanan appeared for defendants.

Plaintiffs filed their complaint on June 24, 2008, requesting that this court declare A.B. 579 and S.B. 471 unconstitutional and to issue an injunction prohibiting the enforcement of changes to various N.R.S. provisions to be modified by the implementation of A.B. 579 and S.B. 471. Plaintiffs stated several causes of action, including that the laws violated:

(1) Procedural Due Process under the U.S. Constitution; (2) the Ex Post Facto Clause under the U.S. Constitution; (3) the Double Jeopardy Clause under the U.S. Constitution; (4) the Contracts Clause under the U.S. and Nevada Constitutions; (5) the Separation of Powers under the Nevada Constitution; and (6) the prohibition against Vague and Ambiguous laws under the U.S. Constitution.

Plaintiffs originally named two sets of defendants:

(1) the "State Defendants:" Defendant Cortez Masto, Attorney General of the State of Nevada; Defendant Jerald Hafen, Director of the Nevada Department of Public Safety; Defendant Bernard W. Curtis, Chief of the Parole and Probation Division of the Nevada Department of Public Safety; and Defendant Captain P.K. O'Neill, Chief of the Records and Technology Division of the Nevada Department of Public Safety; and

(2) Defendant Michael Haley, Sheriff of the Washoe County Sheriff's Office; Defendant Michael Poehlman, Chief of the Reno Police Department; Defendant Richard A. Gammick, District Attorney of Washoe County; Defendant Douglas Gillespie is Sheriff of the Las Vegas Metropolitan Police Department; Joseph Forti, Chief of the North Las Vegas Police Department; including but not limited to the community notification provisions therein; Defendant David Roger, District Attorney for Clark County, Nevada; and Defendant Chief Richard Perkins of the Henderson Police Department.

Plaintiffs subsequently entered stipulations, approved by this court, with all the Law Enforcement Defendants, dismissing them from this action on the condition that they abide by the terms of any relief.

On June 30, 2008, the court denied plaintiffs' request for a Temporary Restraining Order but granted Plaintiffs' Preliminary Injunction Motion.

In July of 2007, the Nevada Legislature passed A.B. 579 which mandated that its restrictions, notification provisions, and potential criminal penalties apply retroactively, not just to pedophiles, but to anyone who has committed any offense that involves "any sexual act or sexual conduct with another"—no matter how minor the sexual offense was—and to offenses committed as long ago as July 1, 1956. In July of 2007, the Nevada Legislature also passed S.B. 471, which imposed G.P.S. monitoring and movement and residency restrictions on certain sex offenders.

Plaintiffs submitted declarations, uncontroverted by the defendants, making clear that the Parole and Probation Department was applying S.B. 471's provisions retroactively.

Together, A.B. 579 and S.B. 471 redefine who is considered a "sex offender," the way in which sex offenders are classified and monitored, and what restrictions apply to which sex offenders. Prior to the enactment of these laws, sex offenders had been individually assessed and classified based on psychological assessments focusing on whether the offenders pose a risk to society and are likely to re-offend. The statutes mandated that sex offenders would henceforth be automatically classified based on one factor, the crime committed. Because of the changed standards, numerous people: (1) whose crimes were committed in the distant past; (2) who have been determined by the state of Nevada to be unlikely to re-offend; and (3) who have complied with the law, attended counseling, and who have not committed additional crimes would be thrown back into the system or be subject to more onerous monitoring and residency requirements.

A.B. 579 and S.B. 471 do not provide any procedural due process protections, leaving even people who believe that they have been miscategorized as sex offenders with no means to challenge the application of A.B. 579 and S.B. 471.

The application of these laws retroactively is the equivalent a new punishment tacked on to the original sentence—sometimes years after the fact—in violation of the Ex Post Facto and Double Jeopardy Clauses of the U.S. Constitution, as well as the Contracts clauses of the U.S. and Nevada Constitutions. Moreover, because they do not provide any procedural protections from their retroactive application, A.B. 579 and S.B. 471 violate the Due Process Clause of the U.S. Constitution.

For these reasons, the Court hereby grants Plaintiffs' Motion for Summary Judgment, making the June 30, 2008 Preliminary Injunction enjoining the enforcement of A.B. 579 and S.B. 471 a Permanent Injunction.

**IT IS SO ORDERED.**