**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

GARY HARDEMAN,
*Defendant-Appellee*.

No. 11-10540

D.C. No.
3:10-cr-00859-
RS-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted
September 14, 2012—San Francisco, California

Filed January 14, 2013

Before: Arthur L. Alarcón, Susan P. Graber,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Criminal Law

The panel reversed the district court's order dismissing on ex post facto grounds a count charging the defendant with committing an offense involving a minor while under a duty to register as a sex offender, in violation of 18 U.S.C. § 2260A.

The district court held that the § 2260A count violated the Ex Post Facto Clause because the defendant's duty to register arose through retroactive state laws.

The panel disagreed. The panel wrote that even accepting the defendant's argument that the state laws applied the registration requirement to him retroactively, the additional punishment under § 2260A is not for his earlier crimes, and the § 2260A count therefore does not violate ex post facto principles.

### COUNSEL

Owen P. Martikan and J. Douglas Wilson, Assistant United States Attorneys, San Francisco, California, for Plaintiff-Appellant.

Daniel P. Blank, Assistant Federal Public Defender, San Francisco, California, for Defendant-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

GRABER, Circuit Judge:

Title 18 U.S.C. § 2260A criminalizes the commission of certain federal offenses involving a minor while the perpetrator is under a legal duty to register as a sex offender. After Defendant Gary Hardeman allegedly traveled to Mexico and engaged in illicit sexual conduct involving a minor, the government indicted Defendant on one count of violating 18 U.S.C. § 2423(c) and, because he was under a state-law duty to register as a sex offender, one count of violating § 2260A. The district court held that, because Defendant's duty to register arose through retroactive state laws, the § 2260A count violated the Ex Post Facto Clause, and the court dismissed that count. Reviewing de novo the constitutional question in this interlocutory appeal by the government, *United States v. Begay*, 622 F.3d 1187, 1193 (9th Cir. 2010), *cert. denied*, 132 S. Ct. 3026 (2011), we hold that § 2260A does not violate the Ex Post Facto Clause. Accordingly, we reverse.

In 1980, Defendant pleaded guilty in California state court to the felony of committing lewd and lascivious acts upon a child under the age of 14, in violation of California Penal Code section 288. At that time, California law required Defendant to register as a sex offender—but only until expungement (if any) of the conviction. Cal. Penal Code §§ 290, 1203.4 (1980). In 1982, before Defendant's felony conviction had been expunged, the California legislature amended its laws so that a felony sex conviction required ongoing registration, regardless of expungement. Cal. Penal Code § 290.1 (1982). In 1983, Defendant successfully sought

expungement of his felony conviction, but he remained under an ongoing state-law duty to register.

In 1986, Defendant was convicted in state court of annoying a child, a misdemeanor under California Penal Code section 647a. At the time, California law required a misdemeanor sex offender to register as a sex offender—but only until expungement (if any) of the conviction. Cal. Penal Code §§ 290, 1203.4 (1986). In 1991, Defendant successfully sought expungement of his misdemeanor conviction. In 1994, the California legislature amended its laws so that any sex conviction—felony or misdemeanor—required continuous registration, regardless of expungement. Cal. Penal Code § 290.1 (1994).

In 2010, a grand jury indicted Defendant on two counts: one count of engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c); and one count of committing that offense while under a duty to register as a sex offender, in violation of 18 U.S.C. § 2260A. Defendant moved to dismiss the § 2260A count on the ground, among others, that the count violated the Ex Post Facto Clause. The district court agreed, and it dismissed that count. The government timely appeals pursuant to 18 U.S.C. § 3731.

Title 18 U.S.C. § 2260A states:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under [specified sections, including section 2423], shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under

>  that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

In effect, § 2260A provides that, if the government proves that a defendant was subject to a sex-offender registration requirement at the time he or she committed certain sex crimes involving a minor, he or she will receive an additional 10 years of imprisonment. The § 2260A count against Defendant violates ex post facto principles[1] only if it: (1) is "retrospective, that is, it must apply to events occurring before its enactment," *Weaver v. Graham*, 450 U.S. 24, 29 (1981); and (2) "increases the penalty by which a crime is punishable," *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 507 n.3 (1995).[2]

Defendant argues that the combination of § 2260A and California's registration laws—which he asserts applied retroactively to him—violates ex post facto principles. He acknowledges that the application of California's registration laws to him, standing alone, is constitutional. *See People v.*

---

[1] Defendant also urges us to affirm on the alternative ground that the § 2260A count violates the Due Process Clause. To the extent that Defendant's due process argument depends on a determination that the § 2260A count violates the Ex Post Facto Clause, we reject that argument for the same reasons that we reject his ex post facto challenge. To the extent that Defendant's due process arguments in the district court concerned other issues, those issues are not before us, and we do not resolve them in this appeal, which concerns only the dismissal of the indictment.

[2] The other type of ex post facto laws concerns a criminal statute that retroactively forbids conduct that used to be permissible. Here, Defendant claims only a retroactive increase in punishment.

*Fioretti*, 63 Cal. Rptr. 2d 367, 370–71 (Ct. App. 1997) (holding that retroactive application of the state sex offender registration laws does not violate the Ex Post Facto Clause); *see also People v. Castellanos*, 982 P.2d 211, 217–18 (Cal. 1999) (holding that a similar California retrospective registration requirement does not violate the Ex Post Facto Clause); *Smith v. Doe I*, 538 U.S. 84 (2003) (holding that retrospective application of an Alaska sex-offender registration statute does not violate the Ex Post Facto Clause); *Hatton v. Bonner*, 356 F.3d 955 (9th Cir. 2004) (holding, under AEDPA review, that retroactive application of California Penal Code section 290 does not violate the Ex Post Facto Clause). The *reason* why those laws, standing alone, do not violate ex post facto principles is that registration itself is not considered punitive. *Fioretti*, 63 Cal. Rptr. 2d at 370. In Defendant's view, § 2260A provides the missing element of additional punishment for his 1980s crimes. We disagree.

Even accepting Defendant's argument that the state laws applied the registration requirement to him retroactively, an issue we need not decide, the additional punishment under § 2260A is *not* for his earlier crimes. In this regard, we see no material difference between § 2260A and ordinary recidivism statutes—statutes that provide enhanced penalties for previously convicted persons. The Supreme Court has long held that recidivism statutes do not violate the Ex Post Facto Clause because the enhanced penalty punishes only the latest crime and is not retrospective additional punishment for the original crimes. "When a defendant is given a higher sentence under a recidivism statute[,] . . . 100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's 'status as a recidivist.'" *United States v. Rodriquez*, 553 U.S. 377, 386 (2008); *see*

*also Nichols v. United States*, 511 U.S. 738, 747 (1994) ("[T]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant." (internal quotation marks omitted)); *Gryger v. Burke*, 334 U.S. 728, 732 (1948) ("The sentence as a [repeat offender] is not to be viewed as [an] . . . additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."). Similarly, if Defendant is convicted, 100% of the punishment provided by § 2260A will be for Defendant's recent alleged conduct in Mexico. None will be for his prior convictions or for his resultant status as a sex offender.

We also see no material difference between § 2260A and the provision of the Sex Offender Registration and Notification Act ("SORNA") that criminalizes failing to register as a sex offender when under a SORNA registration duty. SORNA criminalizes certain conduct—failing to register—if under a duty to register, even if that duty arose retroactively. 18 U.S.C. § 2250(a). Similarly, § 2260A criminalizes certain conduct—illicit sexual conduct involving a minor—if under a duty to register, even if that duty arose retroactively. In *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012), we joined our sister circuits in holding that SORNA does not violate the Ex Post Facto Clause, even where the registration duty arose retroactively. "SORNA provides for a conviction for failing to register; it does not increase the punishment for the past conviction." *Id.* Similarly, § 2260A provides for a conviction for committing certain crimes while under a duty to register; it does not increase the punishment for the past conviction. *See also United States v. Arzate-Nunez*, 18 F.3d 730, 734–35 (9th Cir. 1994) (holding that a sentencing enhancement for a prior

aggravated felony conviction did not violate the Ex Post Facto Clause even though, at the time the defendant committed the previous offense, the conviction did not qualify as an aggravated felony).

Had Congress expressly specified that enhanced penalties would apply to persons—like Defendant—who have been convicted of violating California Penal Code section 288 in 1980, regardless of expungement, the Ex Post Facto Clause plainly would not be implicated. That Congress chose instead to use a shorthand method that achieves the same thing in this case does not change the result: The § 2260A count against Defendant does not violate ex post facto principles. Accordingly, we reverse the district court's dismissal of that count and remand for further proceedings.

**REVERSED and REMANDED.**