An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MCCORMICK,
Appellant,
vs.
ROBERT SCHOFIELD, M.D.; ROBERT HILLER, M.D.; REBECCA LOFTIS, M.D.; MICHAEL KEELER; MAURICE J. SILVA; EDWARD GRAY; AND CONNIE BISBEE,
Respondents.

No. 59178



FILED

JUN 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing a civil rights action. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge. As directed, respondents have filed a response. Appellant has filed a reply.

On appeal, appellant argues that the district court erred by dismissing his complaint on the ground that he failed to state a claim for violation of his due process rights. In particular, appellant contends that he was unconstitutionally denied the opportunity to review the file that was relied on by respondents, members of the Nevada Department of Corrections' Psychological Review Panel and Board of Parole Commissioners, in certifying him as posing a high risk to reoffend and in denying him parole. Having reviewed the record and the parties' briefs, drawing every inference in favor of appellant and accepting all of appellant's allegations as true, we conclude that the district court properly dismissed the action for failure to state a claim upon which relief could be granted. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (explaining that this court rigorously reviews a

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17591

dismissal for failure to state a claim, accepting all of the factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff).

As we explained in *State Board of Parole Commissioners v. Morrow*, 127 Nev. ___, ___, 255 P.3d 224, 230 (2011), no constitutional due process protections apply during parole hearings because inmates do not have a liberty interest in being paroled.[1]  And as appellant has not identified any liberty interest at stake in a Psychological Review Panel hearing, he has not demonstrated a right to constitutional due process in such hearings. *Cf. id.* at ___, 255 P.3d at 228-29 (recognizing that the Psychological Review Panel does not afford certain due process protections in its hearings).  Further, the Psychological Review Panel was not required to provide appellant with a copy of the considered documents under Nevada's open meeting law because those documents were designated confidential. *See* NRS 241.020(5)(c) (explaining that a public body does not have to provide copies of supporting material to the public if those materials are confidential); NDOC AR 813 (1.8.1) (July 23, 2009) (designating all documents considered by the panel confidential pursuant to NRS 213.1075).  Finally, while appellant argues that the Psychological Review Panel respondents had a statutory duty under NRS 179A.100(7)(b) to provide him with a copy of his file because it is a record of criminal

---

[1]As in *Morrow*, no statutory due process protections applied during appellant's parole hearing because appellant's parole hearing took place on June 3, 2009, during the Legislature's temporary suspension of the statute's due process protections. *See Morrow*, 127 Nev. at ___, 255 P.3d at 227 (describing when Nevada's statutory due process protections were ineffective); *see also American Civil Liberties Union of Nev. v. Cortez Masto*, 719 F. Supp. 2d 1258, 1260 (D. Nev. 2008).

history, he did not allege that he had complied with NRS 179A.100(7)(b) by requesting a copy of that file.[2] *See* NRS 179A.100(7)(b) (providing that a record of criminal history "must be disseminated by an agency of criminal justice, *upon request*, to . . . [t]he person who is the subject of the record of criminal history. . .") (emphasis added). Thus, the district court properly concluded that appellant failed to state a claim for the violation of his due process rights. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Richard Wagner, District Judge
Michael McCormick
Attorney General/Carson City
Pershing County Clerk

---

[2]Because appellant failed to allege that he had requested a copy of his file, as required under NRS 179A.100(7)(b), we need not address whether the Psychological Review Panel is an "agency of criminal justice" or whether an inmate's parole file is a "record of criminal history."

[3]In light of this order, we need not consider appellant's arguments regarding respondents' qualified and absolute immunity.