**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30093 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00156-BLW-1 |
| v. | |
| WILLIAM NEWEL BROCKBRADER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted November 18, 2014[**]
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

William Brockbrader appeals his conviction for one count of violating the Sex

Offender Registration Notification Act ("SORNA"), 18 U.S.C. § 2250(a)(1)(2)(A)-

(B), (a)(3). He also challenges two conditions of his supervised release. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** The incidents that Brockbrader identifies as prosecutorial misconduct did not, either individually or cumulatively, violate his right to due process. *See United States v. Necoechea*, 986 F.2d 1273, 1282-83 (9th Cir. 1993).

**a.** The testimony of a Nevada Senior Deputy Attorney General regarding an injunction entered in *ACLU of Nevada v. Cortez Masto*, 719 F. Supp. 2d 1258 (D. Nev. 2008), *rev'd in part*, *ACLU of Nevada v. Masto*, 670 F.3d 1046 (9th Cir. 2012) (the "ACLU injunction"), properly addressed the injunction's impact on Nevada sex offender registration obligations and the State's efforts to address public confusion. The district court properly instructed the jury regarding the limited use to which it could put the ACLU injunction and this testimony. Brockbrader's other challenges to this testimony also are unavailing. *See* Fed. R. Evid. 701 (governing lay witness opinion testimony); *United States v. Graf*, 610 F.3d 1148, 1165 (9th Cir. 2010) (holding that an attorney could testify as a lay witness to establish defendant's notice); *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997) (en banc) (defining prohibited "opinion or inference" testimony under Fed. R. Evid. 704(b)).

**b.** Brockbrader does not explain how the prosecutor vouched for the testimony of the director of the Utah state sex offender registry. *See Necoechea*, 986 F.2d at 1276, 1278-80.

**c.** The prosecutor's comments that only Brockbrader's testimony supported his interpretation of the ACLU injunction was a permissible inference from the evidence. *See United States v. Hill*, 953 F.2d 452, 460 (9th Cir. 1991) ("A prosecutor is entitled to comment on a defendant's failure to present witnesses so long as it is not phrased as to call attention to the defendant's own failure to testify."). Likewise, the prosecutor's closing argument was not an improper comment regarding Brockbrader's "knowledge" of his duty to register. *See id.*

**d.** The prosecutor's misstatement about where Brockbrader registered in 2001 has the "earmarks of inadvertent mistake, not misconduct," *United States v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir. 1994), and was not plain error.

**2.** Jury instruction No. 17, to which Brockbrader did not object below, is a correct statement of the SORNA knowledge requirement. *United States v. Crowder*, 656 F.3d 870, 875 (9th Cir. 2011) (defining SORNA knowledge requirement); Ninth Cir. Model Panel Crim. Jury Instruct. 5.6 (2010) (defining "knowingly").

**3.** Brockbrader's ex post facto challenge to SORNA is foreclosed by *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012).

**4.** Brockbrader's ex post facto challenge to Idaho's sex offender registration laws also fails. Idaho's laws are no more onerous than those repeatedly upheld against similar challenges. *See Smith v. Doe*, 538 U.S. 84, 105-06 (2003) (holding that

3

application of SORNA in Alaskan failure-to-register case does not violate Ex Post Facto Clause); *United States v. Elk Shoulder*, 738 F.3d 948, 953-54 (9th Cir. 2013) (applying SORNA to failure to register in Montana); *United States v. Hardeman*, 704 F.3d 1266, 1269 (9th Cir. 2013) (applying 18 U.S.C. § 2260 to failure to register in California); *Elkins*, 683 F.3d at 1045 (applying SORNA to failure to register in Washington); *see also Idaho v. Gragg*, 137 P.3d 461, 465-66 (Idaho Ct. App. 2005) (rejecting a similar challenge).

**5.** As Brockbrader correctly concedes, his argument that SORNA violates the delegation of authority doctrine is foreclosed by *United States v. Richardson*, 754 F.3d 1143, 1145-46 (9th Cir. 2014) (per curiam).

**6.** The district court did not abuse its discretion in requiring Brockbrader to undergo alcohol evaluation, to abstain from alcohol, and to undergo a mental health evaluation as conditions of release. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008) (stating that a history of drug and alcohol abuse supports alcohol abstention and treatment); *United States v. Napier*, 463 F.3d 1040, 1045 (9th Cir. 2006) (affirming mental health evaluation although facts of case did not raise the issue); *United States v. Lopez*, 258 F.3d 1053, 1056-57 (9th Cir. 2001) (stating that current mental illness is not required to impose a mental health evaluation).

**AFFIRMED.**

4