**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10195 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-236-GMN-PAL-6 |
| v. | |
| JABARI L. MARSHALL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted April 16, 2015**
San Francisco, California

Before: SCHROEDER and N. R. SMITH, Circuit Judges, and RESTANI, Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Jabari Marshall ("Marshall") appeals his conviction for conspiring to commit mail and wire fraud in violation of 18 U.S.C. § 1349. Specifically, Marshall asserts that the district court erred in denying his motion in limine to exclude evidence pertaining to mortgage-lending businesses. Marshall also asserts that the district court erred in granting the government's motion to strike surplusage from the second superseding indictment ("the indictment").

Marshall claims that his conviction of conspiring to commit mail and wire fraud against "financial institutions" violated the Ex Post Facto Clause of the Constitution because prior to 2009, the 18 U.S.C. § 20 definition of "financial institution" did not include mortgage-lending businesses. Although Marshall was not charged until 2012, the conduct underlying the charges occurred between 2005 and 2007. This Court reviews alleged violations of the Ex Post Facto Clause de novo. See United States v. Hardeman, 704 F.3d 1266, 1267 (9th Cir. 2013). Despite the use of the term "financial institutions" in the indictment, Marshall was not charged with conspiring to commit wire and mail fraud against "financial institutions" as that term is defined by § 20. Rather, Marshall was charged with conspiring to commit mail and wire fraud against entities the indictment labeled "financial institutions," which it further explained meant "lending institutions" that provide mortgages. As conspiring to commit mail and wire fraud was illegal at the

time of the crime, regardless of the victim, any allegation that the 2009 amendment to § 20 affected Marshall's conviction is baseless and his conviction did not violate the Ex Post Facto Clause. See Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 2(a), 123 Stat. 1617, 1617; Weaver v. Graham, 450 U.S. 24, 28–29 (1981) (holding that for a criminal law to be ex post facto, it must disadvantage the offender affected by it).

Marshall also asserts that because the indictment charged him with conspiring to defraud "financial institutions" as defined by § 20, and § 20 did not previously include mortgage-lending businesses, Federal Rules of Evidence 401 and 403 precluded evidence of conspiring to defraud mortgage-lending businesses. "We review a district court's admission of evidence for abuse of discretion." United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012). As the government did not charge Marshall with conspiring to commit mail and wire fraud against "financial institutions" as defined by § 20, but rather, charged him with conspiring to commit mail and wire fraud against mortgage-lending institutions, evidence pertaining to the mortgage-lending businesses was relevant and non-prejudicial. Therefore, Federal Rules of Evidence 401 and 403 did not preclude evidence relating to mortgage-lending businesses and the district court did not abuse its discretion in denying Marshall's motion in limine.

3

Finally, Marshall argues that by removing references to bank fraud, the government constructively amended the indictment, which required resubmission to the grand jury. A district court's decision to grant the government's motion to strike is also reviewed for abuse of discretion. See United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988). If the court or prosecutor constructively amends an indictment, reversal is required. United States v. Wilbur, 674 F.3d 1160, 1178 (9th Cir. 2012). The government's motion to strike surplusage did not constitute a constructive amendment. Striking the indictment surplusage narrowed the indictment rather than broadened it, and we have held that narrowing an indictment does not constitute a constructive amendment. See id. Additionally, the government did not broaden the scope of the charges by leaving the overt acts of Marshall's co-conspirators in the indictment because the overt acts of his co-conspirators pertained to him. See Pinkerton v. United States, 328 U.S. 640, 646–47 (1946). Thus, the district court did not abuse its discretion because the government did nothing more than narrow the indictment by eliminating unnecessary text, which is a permissible alteration. See United States v. Wellington, 754 F.2d 1457, 1462 (9th Cir. 1985); United States v. Pazsint, 703 F.2d 420, 423 (9th Cir. 1983).

**AFFIRMED.**

4