IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY LEROY WILLIAMS,
Appellant,
vs.
NEVADA BOARD OF PAROLE
COMMISSIONERS; NEVADA
DIVISION OF PAROLE AND
PROBATION; PAROLE REPS.
JENNIFER PONGASI; AND BRIAN
(DOE),
Respondents.

No. 76577

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a petition for a writ of mandamus.[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant argues that the district court erred in denying his petition for a writ of mandamus challenging sex offender registration and parole conditions. We disagree. Appellant's due process and ex post facto arguments lack merit. *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 519-20, 306 P.3d 369, 388 (2013) (determining that retroactive application of Assembly Bill 579 to juvenile sex offenders did not violate the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-43981

Ex Post Facto Clauses of the United States and Nevada Constitutions); *ACLU of Nev. v. Masto*, 670 F.3d 1046, 1053-54, 1059 (9th Cir. 2012) (*Masto II*) (determining that legislative amendments in A.B. 579 to sex offender registration did not violate the Ex Post Facto Clause and rejecting due process argument that a hearing was required before implementing sex-offender-registration changes as it is the fact of the conviction that imposes the registration requirement and the offender has already received constitutionally required procedural safeguards before conviction). Further, appellant's arguments that the conditions of parole violated a federal district court order enjoining the movement and residence requirements in Senate Bill 471 (2007), *ACLU of Nev. v. Masto*, 719 F. Supp. 2d 1258 (D. Nev. 2008) (*Masto I*), *reversed in part, appeal dismissed in part*, 670 F.3d 1046 (9th Cir. 2012), are likewise without merit. The record reveals that the movement and residence restrictions at issue in the *Masto I & II* litigation were not imposed in this case and that the prior statute authorized the residence restriction that was imposed here. *See* 1997 Nev. Stat., ch. 451, § 94, at 1685 (providing that a special condition of parole for sex offenders includes a requirement that a parolee reside at an approved location). And the Division of Parole and Probation may impose reasonable conditions on a parolee to protect the health, safety, and welfare of the community. *See* NRS 213.12175. Finally, appellant fails to

demonstrate that the district court erred in not conducting an evidentiary hearing.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:   Hon. James Todd Russell, District Judge
Timothy Leroy Williams
Attorney General/Dep't of Public Safety/Carson City
Carson City Clerk

---

[2]We deny appellant's request for the appointment of counsel in this appeal.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.